**FIRST NATIONAL BANK OF FAIRBANKS,**
**Appellant,**

**v.**

**Warren ENZLER and Dorothy J. Enzler,**
**Appellees.**

**Howard D'SPAIN, Trustee in Bankruptcy,**
**Appellant,**

**v.**

**Warren ENZLER and Dorothy J. Enzler,**
**Appellees.**

**Nos. 2181, 2182.**

Supreme Court of Alaska.

Aug. 22, 1975.

Saul R. Friedman and John W. Hedland, of Rice, Hoppner & Hedland, Anchorage,

---

for appellant First National Bank of Fairbanks.

William M. Erwin, Anchorage, for appellant Howard D'Spain.

Richard F. Lytle, of Houston & Lytle, Anchorage, for appellees.

Before RABINOWITZ, C. J., and CONNOR and BOOCHEVER, JJ.

BOOCHEVER, Justice.

The First National Bank of Fairbanks has petitioned for a rehearing contending that we have upheld the trial court's finding of no intent to defraud without regard of the fact that we had invalidated the supporting premises that the trial court used to build up to the ultimate finding. Petitioner alleges that those premises are: (1) there was no debt owing at the time of the conveyance, and (2) the conveyance was for sufficient consideration.

 It is true that in the trial court's memorandum opinion there was a finding that no debt was due and owing at the time of the transfer of the property to the wife and that there was sufficient consideration passing from the wife to the husband for the property transferred to Mrs. Enzler. There were independent findings, however, that the transfer was "to prevent the husband from further dissipating the assets rather than as a sham" and that

the presumption of AS 09.25.060 [1] has been rebutted by the showing of a good faith transfer. I find that there was no intent to defraud creditors, *Blumenstein v. Phillips*, 490 P.2d 1213 ([Alaska] 1971), therefore, no fraudulent conveyance.

In the situation involved in this case, we held that there was no presumption of intent to defraud. In the absence of such a presumption, it would have been easier for the trial court to have found that there was no intent to defraud creditors, but even giving petitioner the benefit of the presumption, the court found that there

was no intent to defraud. Our reading of the entire memorandum opinion leaves us with the clear understanding that the trial court found an absence of fraudulent intent independent of the findings pertaining to an absence of debt and sufficient consideration. *Blumenstein v. Phillips Insurance Center, Inc.,* 490 P.2d 1213 (Alaska 1971), upon which the trial court relied in reaching its conclusion of no fraudulent intent, requires a two-step analysis before such a result may be reached. The court must first determine that the presumption of fraud referred to in AS 09.25.060 is rebutted. If it is decided that the presumption is rebutted, the trial court must then make a finding based on all the facts as to whether there was an actual intent to defraud. The above-quoted portion of the lower court's memorandum opinion clearly indicates that the lower court took both of these steps and reached the conclusion that there was no actual intent to defraud. Since we are of the opinion that the lower court's finding as to the absence of fraudulent intent was not clearly erroneous and since no purpose would be served by a remand for reiteration of this finding, the petition for rehearing is denied.

ERWIN, J., not participating.

RABINOWITZ, Chief Justice (dissenting).

I would grant the petition for rehearing. In my view, petitioner is correct in its assertions that our published opinion invalidated the twin rationales upon which the superior court based its conclusion that Warren Enzler did not act with the intent to defraud at the time he made the questioned conveyances to his wife. For I interpret that portion of the superior court's decision which reads ". . . and to prevent the husband from dissipating the assets rather than as a sham" as merely evidencing another facet of the reason for forbearing, by Mrs. Enzler, from going

---

1. *See* note 9 of opinion.

forward with divorce proceedings against Warren Enzler.

As was pointed out in our published opinion in this case, many circumstantial facts may be combined to prove that Warren Enzler intended to defraud.[1] Since the superior court based its determination of an absence of an intent to defraud on the grounds that no debt was owing by Enzler at the time and that the conveyances were supported by sufficient consideration, I cannot conclude that, as a matter of law, the trial court would nevertheless have reached the conclusion that an intent to defraud was lacking solely on the basis that the transfers were made to prevent dissipation of the marital assets by Warren Enzler. Therefore, I believe a remand to the superior court for determination of the fraud issue in light of our previously published opinion is the appropriate course of action to take in this appeal.

1. In support of this general proposition, we cited *Evans v. Trude*, 193 Or. 648, 240 P.2d 940 (1952).